# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 21-7046 

September Term, 2021
FILED ON: JUNE 24, 2022

LUIS R. MARTINEZ,

APPELLANT

v.

CONSTELLIS/TRIPLE CANOPY,

APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00153)

Before: WILKINS, KATSAS and JACKSON[*], *Circuit Judges*

## **J U D G M E N T**

This appeal was considered on the record, briefs, and oral arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* FED R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Luis Martinez works as an armed security guard at the Ronald Reagan International Trade Center in Washington, D.C. Armed security guards are required to be clean-shaven, but because Martinez has chronic folliculitis and a surgical scar on his face, his employer, Constellis/Triple Canopy, Inc. ("Constellis"), exempted him from the shaving requirement and allowed him to maintain a beard on the job. In his amended complaint, Martinez alleges that a supervisor, Williams, subjected him to a hostile work environment by repeatedly harassing him about his facial hair and making inappropriate comments about the length and shape of his beard. Martinez also contends that another supervisor, Major Rouse, subjected him to a hostile work environment and falsely imprisoned him. Specifically, Martinez alleges that Major Rouse summoned him to complete a "survey." Am. Compl. ¶¶ 19–22. Major Rouse escorted Martinez into his car and drove Martinez to an off-site drug testing facility for a random urinalysis. Martinez contends that Major Rouse's actions were inconsistent with Constellis's drug testing policy.

---

[*] Judge Jackson was a member of the panel at the time the case was argued but did not participate in the disposition of this matter.

In count one of the amended complaint, Martinez alleges that Williams and Major Rouse subjected him to a hostile work environment, in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1402.11. In count two, Martinez contends that Major Rouse falsely imprisoned him under the common law of the District of Columbia. Constellis moved to dismiss Martinez's amended complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The District Court granted the motion. First, the District Court dismissed Martinez's hostile work environment claim because Martinez's allegations were insufficient to establish that the harassment he faced was "severe and pervasive enough to affect a term, condition, or privilege of employment," which is a necessary element of the claim. *Campbell-Crane & Assocs., Inc. v. Stamenkovic*, 44 A.3d 924, 933 (D.C. 2012) (cleaned up). Next, the District Court dismissed the false imprisonment claim because Martinez did not show that he was detained against his will. Rather, in the District Court's view, the factual allegations reflected that Martinez voluntarily submitted to Major Rouse's direction.

"This court reviews *de novo* a district court decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Western Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1240 (D.C. Cir. 2018). "When reviewing the grant of a motion to dismiss, the court must treat the complaint's factual allegations as true, and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Id.* at 1240–41 (internal quotation marks and citation omitted) (alteration in original). But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

We first consider Martinez's claim that Constellis subjected him to a hostile work environment. To establish a claim of discrimination based on a hostile work environment under the DCHRA, the plaintiff must show: (1) "that he is a member of a protected class"; (2) "that he has been subjected to unwelcome harassment"; (3) "that the harassment was based on membership in a protected class"; and (4) "that the harassment is severe and pervasive enough to affect a term, condition, or privilege of employment." *Stamenkovic*, 44 A.3d at 933 (cleaned up). Accepting Martinez's factual allegations as true, which we must do at this stage, there is no question that Williams's conduct towards Martinez was inappropriate. And we agree with the District Court that Martinez established the first three elements of a hostile work environment claim. However, Martinez did not plead any facts that show that the harassment altered the "conditions of [his] employment" and "create[d] an abusive working environment." *Barrett v. Covington & Burling LLP*, 979 A.2d 1239, 1245 (D.C. 2009) (internal quotation marks and citations omitted). Thus, we uphold the District Court's dismissal of Martinez's hostile work environment claim.

Next, Martinez failed to allege plausibly that Major Rouse falsely imprisoned him. To show false imprisonment, a plaintiff must establish (1) "the detention or restraint of one against his will, within boundaries fixed by the defendant" and (2) "the unlawfulness of the restraint." *Faniel v. Chesapeake & Potomac Tel. Co. of Maryland*, 404 A.2d 147, 150 (D.C. 1979) (citation omitted). Martinez did not allege facts that would satisfy plausibly the first element of a false

imprisonment claim because he voluntarily got into the car at the request of his supervisor. *Id.* at 152 ("Submission to the mere verbal direction of another, unaccompanied by force or threats of any character does not constitute false imprisonment."). And the amended complaint does not support an inference that Major Rouse's conduct "was of such character as to cause [Martinez] to reasonably fear he would resort to violence" if Martinez did not comply. *Id.* at 151 n.12 (quotation marks and citation omitted). Accordingly, we are bound by District of Columbia precedent to find that Martinez has failed to state a claim for false imprisonment. Therefore, the District Court's dismissal of Martinez's common law false imprisonment claim was proper.

Finally, Martinez argues that the District Court abused its discretion when it dismissed his amended complaint with prejudice and denied him leave to file a second amended complaint. This argument lacks merit. At the outset, we note that the District Court did not specify whether its dismissal of Martinez's amended complaint was with or without prejudice. Under these circumstances, we presume that it is with prejudice. FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."); *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012). And dismissal with prejudice is appropriate when, as here, amendment would not cure the deficiencies in the complaint. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). The District Court already gave Martinez one opportunity to amend his complaint, and Martinez has identified no facts that might make a second amended complaint viable. *Cf. Belizan v. Hershon*, 495 F.3d 686, 688 (D.C. Cir. 2007) (prior "unsuccessful attempts to replead the claim adequately demonstrated" that plaintiffs "could not plead additional facts consistent with, but sufficient to cure the deficiency in, their original pleadings"). Furthermore, the District Court had no duty to act *sua sponte* and give Martinez another opportunity to amend the complaint. Rather, a plaintiff is required to move to amend. *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 150 (D.C. Cir. 1994) ("The normal procedure for requesting an amendment to the complaint in federal court is to file a FED. R. CIV. P. 15 motion to amend together with the proposed amendment or new pleading.") (internal quotation marks and citation omitted). Likewise, under District Court Local Rules 7(i) and 15.1, a plaintiff must move for leave to file an amended complaint and attach a copy of the proposed amended pleading to the motion. D.D.C. LOCAL R. 7(i), 15.1; *see also IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871, 875–76 (D.C. Cir. 2020). Martinez did not comply with these requirements.

Consistent with the foregoing, we affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk